IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DANNY JAY ROMERO,<br><br>      Plaintiff,<br><br>  v.<br><br>DR. VARGO, DR. HANSEN, STEVE<br>SHELTON, M.D. and DR. BECKER,<br><br>      Defendants. | 3: 10-cv-06066-JO<br><br>OPINION AND ORDER |

    Danny J. Romero, SID 8690360
    Oregon State Penitentiary
    2605 State Street
    Salem, Oregon  97310

        Plaintiff Pro Se

    John R. Kroger
    Attorney General
    Andrew Hallman
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97301

        Attorneys for Defendants

1 - OPINION AND ORDER

JONES, District Judge.

Plaintiff, an inmate at the Oregon State Penitentiary, brought this action pursuant to 42 U.S.C. § 1983 alleging defendants denied him constitutionally adequate medical care in violation of his Eighth Amendment right to be free from cruel and unusual punishment when they failed to provide him with appropriate foot treatment. Plaintiff seeks declaratory, injunctive and compensatory relief. Defendants move to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground plaintiff's claims are barred by res judicata. For the reasons set forth below, defendants' Motion [21] is granted.

## STANDARDS

### Motion to Dismiss

Under Fed.R.Civ.P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). The affirmative defense of res judicata may be raised in a motion to dismiss under Rule 12(b)(6). Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984). Moreover, the Court may take judicial

2 - OPINION AND ORDER

notice of proceedings in other federal or state courts. <u>U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992).

**<u>Res Judicata and Collateral Estoppel</u>**

The doctrine of *res judicata* bars the re-litigation of claims previously decided on their merits. <u>Headwaters, Inc. v. U.S. Forest Serv.</u>, 399 F.3d 1047, 1051 (9th Cir. 2005). Claim preclusion (*res judicata*) pertains to "the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit ..." <u>Gospel Missions of America v. City of Los Angeles</u>, 328 F.3d 548, 553 (9th Cir. 2003)(quoting <u>Migra v. Warren City Sch. Dist. Bd. of Educ.</u>, 465 U.S. 75, 77 n.1 (1984)); see <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 713 (9th Cir. 2001)("Res judicata precludes the litigation of 'any claims that were raised or could have been raised' in a previous lawsuit."). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" <u>Headwaters, Inc.</u>, 399 F.3d at 1052 (quoting <u>Tahoe-Sierra Pres. Council, Inc. v. Tahoe REg'l Planning Agency</u>, 322 F.2d 1064, 1077 (9th Cir. 2003)). Generally a person who is not a party to an action is not entitled to the benefits of *res judicata*. However, where "two parties are so closely aligned in interest that one is the virtual representative of the other, a

3 - OPINION AND ORDER

claim by or against one will serve to bar the same claim by or against the other." Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1405 (9th Cir. 1993).

The doctrine of *res judicata* is applicable to section 1983 actions. Clark v. Yosemite Comm'y College Dist., 785 F.2d 781, 788 n. 9 (9th Cir. 1986)(noting that there is no exception to the rules of issue and claim preclusion for federal civil rights actions brought under 42 U.S.C. § 1983.

Collateral estoppel (issue preclusion) "generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." New Hampshire v. Maine, 532 U.S. 742, 748-49. Collateral estoppel applies where it is established that "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000).

## DISCUSSION

Applying the above principles here, the Court concludes that plaintiff's claims are barred under either preclusion doctrine.

4 - OPINION AND ORDER

Upon review of the Amended Complaint, the Court finds this action is substantively identical to the previously decided case that plaintiff filed on April 23, 2007, <u>Romero v. Dr. Vargo, et al.</u>, 3:07-cv-06083-MO, which the Court dismissed with prejudice on September 7, 2010. The crux of plaintiff's claims here is that the defendants failed to properly treat his foot deformity by timely following Drs. Becker and Elliot's recommendations, made as early as March 2004, that he be provided a metatarsal pad for his left foot. The Court notes that after initially denying defendants' Motion for Summary Judgment as to Dr. Vargo, appointing its own expert podiatrist, and holding a hearing on Defendant Vargo's Second Renewed Motion for Summary Judgment, the Court in the 2007 action expressly considered and rejected the very arguments plaintiff presents here.

In addition, as noted above, the Court in the prior action entered judgment dismissing plaintiff's case with prejudice. The judgment awarded defendants costs and disbursements and allowed for defendants' recovery of the costs advanced to compensate the Court's medical expert. The Court's judgment was based on its determination:

> [T]he record is very clear now at this point on this factor that the course of treatment chosen for this plaintiff was medically acceptable, and there's no real dispute of fact about that any further. It may -- it certainly wasn't the only course of treatment available, but it was a medically acceptable course of treatment, and that is not subject to any fact dispute.

5 - OPINION AND ORDER

\* \* \*

> [It could] find no constitutionally unacceptable period of delay in giving a medically acceptable treatment, such that a reasonable jury, in the light most favorable to this plaintiff, could find deliberate indifference to his condition.

Declaration of Andrew Hallman [23], Exhibit 5 at 7 (Transcript from August 12, 2010 hearing on Second Renewed Motion for Summary Judgment in 3: 07-cv-06083-MO).

Finally, whether there is privity between the parties is relatively straight forward. The defendants named in this action were all included in the 2007 action with the exception of Dr. Hansen. Dr. Hansen is an Oregon Department of Corrections (ODOC) employee sued for action he allegedly took in that capacity. Specifically, plaintiff alleges Dr. Hansen, despite his repeated assurances that he would do so, failed to present Dr. Becker's recommendations for a permanent metatarsal pad to the Therapeutic Level of Care Committee for possible approval. Amended Complaint [4] at 5. Similarly, in the 2007 action the court determined that because it did not appear Dr. Shelton himself was involved in the actual decisions regarding the treatment plaintiff was prescribed or received, the allegations casting him as a "conduit for information" were insufficient to create an issue of fact regarding Dr. Shelton's role in actually denying plaintiff the medical treatment he complained of in that case. Thus, given all named defendants were either named in the 2007 action or have been ODOC

6 - OPINION AND ORDER

employees, there is privity among them. <u>Fund for Animals, Inc. v. Lujan</u>, 962 F.2d 1391, 1398 (9th Cir. 1992)("There is privity between officers of the same government so that a judgment in suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government").

Accordingly, since the elements for preclusion are satisfied, plaintiff is barred from not only litigating the same claims and issues that he litigated in the 2007 action, but also any claims that he could have raised in the prior action. See <u>Cell Therapeutic, Inc. v. Lash Group, Inc.</u>, 586 F.3d 1204, 1212 (9th Cir. 2009)("Claim preclusion ... bars any subsequent suit on claims that were raised or could have been raised in a prior action.") For this reason, even had plaintiff presented his Motion to Supplement in accord with this Court's Local Rules, the Court would deny the Motion as futile. Plaintiff could have raised a claim specifically challenging the comprehensiveness of Dr. Becker's March 2004 exam of him in the 2007 action. Moreover, notwithstanding plaintiff's assertion that "new evidence" has been disclosed bearing on his case, the Court finds all questions related to whether Dr. Becker provided constitutionally adequate

7 - OPINION AND ORDER

medical care related to plaintiff's foot problems in 2004 were resolved in the 2007 action.[1]

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' Motion to Dismiss this action [21] and DENIES plaintiff's Motion to Supplement [25]. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

IT IS SO ORDERED.

DATED this __15th__ day of May, 2012.

_____
Robert E. Jones
United States District Judge

---

[1] Because the Court finds the "proposed" supplemental claim set forth in plaintiff's Motion to Supplement [25] would be barred by *res judicata*, it need not address defendants' statute of limitations argument.

8 - OPINION AND ORDER

medical care related to plaintiff's foot problems in 2004 were resolved in the 2007 action.[1]

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' Motion to Dismiss this action [21] and DENIES plaintiff's Motion to Supplement [25]. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

IT IS SO ORDERED.

DATED this __15th__ day of May, 2012.

_____
Robert E. Jones
United States District Judge

---

[1] Because the Court finds the "proposed" supplemental claim set forth in plaintiff's Motion to Supplement [25] would be barred by *res judicata*, it need not address defendants' statute of limitations argument.

8 - OPINION AND ORDER